**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>    v. <br><br> MUNICIPIO DE VEGA ALTA <br><br>    Defendants. | CIV. NO. 06-1302 (PG) |

**OPINION AND ORDER**

The instant case is a discrimination and retaliation action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") initially brought forth by the United States of America against the Municipality of Vega Alta ("the Municipality") on behalf of Laura Molina ("Molina"), Madeleine García ("García"), Iris Bidot ("Bidot") and Rafael Miranda ("Miranda"). Molina, García, Bidot and Miranda (collectively "Intervenor Plaintiffs") filed an Intervener Complaint against the Municipality, and Hon. José Colón García ("Colón") and Victor Rey de la Cruz ("Rey") (collectively "Intervenor Defendants") in both their personal and official capacities. Intervenor Plaintiffs seek redress and injunctive relief pursuant to Title VII; 42 U.S.C. §§ 1981a, 1983 and 1988; and several other supplemental state law claims for Defendants' sex discrimination and retaliation against them while in the course of their employment relationship.

Now pending before the Court is Defendant Municipality of Vega Alta's Motion to Dismiss (Docket No. 34), and Intervenor Defendants Colón and Rey's "Motion Joining and Supplementing Motion to Dismiss" (Docket No. 53). Defendants contend that Intervenor Plaintiffs' claim is time-barred. For the reasons set forth below, this Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2006, the United States of America brought forth the present Title VII action against the Municipality of Vega Alta for having discriminated by and through its agency, the Municipal Police of Vega Alta, against female officers Molina, García and Bidot on the basis of their sex. See Docket No. 1. The Municipality discriminated against Molina, García and Bidot by allegedly excluding them from supervisory duties and their regular work shift, not allowing them to drive patrol cars and other motor vehicles, and not letting them conduct investigations commensurate with their prior work experience. See Docket No. 1, ¶ 5(a). It is also alleged that the Municipality of Vega Alta assigned them clerical duties and refused to take appropriate action to remedy the effects of the discriminatory treatment against them. See Docket No. 1, ¶ 5(b)-5(c).

The United States also alleged that the Municipality retaliated against male officer Miranda in violation of Title VII because he participated in the investigation performed by the Equal Employment Opportunity Commission ("EEOC") regarding the sex-discrimination charges filed by Molina, García and Bidot. See Docket No. 1, ¶ 6. The Municipality allegedly retaliated against Miranda by excluding him from supervisory duties in the Maritime-Tourist Area Unit of the Municipal Police, eventually transferring him out of said unit, denying him the opportunity to participate in training sessions, threatening him with suspension or termination, denying him a letter of reference for another job, as well as refusing to take appropriate action to remedy the effects of the retaliatory treatment against him. See Docket No. 1, ¶ 6(a)-6(f).

On July 19, 2006, Molina, García, Bidot and Miranda filed an Intervenor Complaint (Docket No. 9) against the Municipality of Vega Alta, Hon. José Colón García in his personal and official capacity, and Victor Rey de la Cruz in his personal and official capacity. Defendant Colón had

been, at all times relevant to the complaint, the Mayor of the Municipality of Vega Alta, whereas Rey was the Commissioner of the Municipal Police of the Municipality, as well as Intervenor Plaintiffs' immediate supervisor at all times relevant herein. See Docket No. 9, ¶ 14, 18. In addition to seeking redress for Intervenor Defendants' sex-based discrimination, Molina, García and Bidot also seek relief for the retaliatory actions against them in violation of Title VII. Furthermore, Intervenor Plaintiffs also filed claims pursuant to the provisions of 42 U.S.C. §§ 1981a, 1983 and 1988; Puerto Rico Law No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146 *et seq.*; Puerto Rico Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29 § 1321 *et seq.*; and Puerto Rico Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 *et seq.*. See Docket No. 9.

According to Intervenor Plaintiffs, shortly after his appointment as Police Commissioner, Rey began a sex-based discriminatory campaign against all female officers of the municipal police force. See Docket No. 9, ¶ 26. Consequently, Molina, García and Bidot filed charges of gender discrimination before the EEOC. See Docket No. 9, ¶ 30. In August of 2003, co-plaintiff Miranda, a fellow male co-worker of plaintiffs, was called in as witness as part of the investigation conducted by the EEOC. Miranda provided testimony in favor of Molina, García and Bidot, corroborating their allegations of gender discrimination. See Docket No. 9, ¶ 31. As a result of filing charges and testifying before the EEOC, Intervenor Plaintiffs Molina, García and Bidot allege they were also victims of retaliation. Accordingly, García, Bidot, and Molina filed new charges of retaliation before the EEOC. See Docket No. 9, ¶ 42.

Pending now before the Court is the Municipality of Vega Alta's Motion to Dismiss (Docket No. 34) in which it claims that García, Bidot and Molina's Intervenor Complaint is untimely. Attached to the Municipality's Motion to Dismiss are García, Bidot and Molina's right-to-sue letters from

Civ. No. 06-1302 (PG)                                                    Page 4

the EEOC postmarked on March 29, 2006. The Municipality argues that García, Bidot and Molina failed to file this cause of action within the requisite ninety-day period following the receipt of their "right-to-sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). As a result, Defendants request García, Bidot and Molina's Intervenor Complaint be dismissed as time-barred.[1]

Intervenor Plaintiffs opposed the Municipality's request (Docket No. 42) claiming it only requested the dismissal of García, Bidot and Molina's Title VII retaliation claim. Although Intervenor Plaintiffs admitted that the dismissal with prejudice of García, Bidot and Molina's Title VII retaliation claim was "warranted because the Intervenor Complaint was filed outside the 90 day period applicable to these claims," they argue that their supplemental state law claims should not be dismissed because they were timely filed, they are closely related to the remaining federal claims, and it would result in a more efficient use of the Court's resources since the evidence that will be presented to sustain the remaining claims is practically identical. See Docket No. 42.

The Municipality filed a reply to Intervenor Plaintiffs' opposition (Docket No. 50) pointing out that Intervenor Plaintiffs incorrectly state that dismissal is only sought with regards to their Title VII retaliation claim. See Docket No. 50 at 2. The Municipality submits that, contrary to what Intervenor Plaintiffs aver in their opposition, its Motion to Dismiss clearly requests the dismissal of Intervenor Plaintiffs' entire Title VII claim, not just the Title VII retaliation claim.

Finally, Intervenor Dedendants Colón and Rey filed a "Motion Joining and Supplementing Motion to Dismiss" (Docket No. 53). Colón and Rey joined the Municipality's Motion to Dismiss and additionally argued that even

---

[1] This Court notes that the Municipality does not move to dismiss Miranda's Intervenor Complaint. The Municipality's request is limited to Intervenor Plaintiffs García, Molina and Bidot.

though Colón was sued by Intervenor Plaintiffs in his official capacity, Colón was no longer the Mayor of the Municipality of Vega Alta when the Intervenor Complaint was filed. Therefore, Colón claims he cannot be sued in his official capacity since he is no longer an employee of the Municipality. Intervenor Dedendants also submit that they should not be held individually liable for Intervenor Plaintiffs' Title VII claim because they are not an "employer" within the meaning of Title VII. See 42 U.S.C. § 2000e(b).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Standard under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to file a motion to dismiss where the allegations in the complaint fail to state a claim upon which relief can be granted. See FED.R.CIV.P. 12(b)(6). When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir.2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995).

While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir.1993). In order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). The Court need not accept "bald

Civ. No. 06-1302 (PG)                                                    Page 6

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

Ordinarily, the Court cannot consider any documents not attached to the complaint, or not expressly incorporated therein, unless the motion is properly converted into one for summary judgment under Rule 56. See FED.R.CIV.P. 12(b)(6). "However, many courts have made narrow exceptions for documents whose authenticity is not disputed by the parties; for instance, for official public records; for documents central to a plaintiff's claim; or for documents sufficiently referred to in the complaint." Valentin Rodriguez v. Municipality of Barceloneta, 236 F.Supp.2d 189, 192 (D.P.R. 2002) (quoting Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991); Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir.1986); In re: Wade, 969 F.2d 241, 249 & n. 12 (7th Cir.1992)).

### III. APPLICABLE LAW AND ANALYSIS

#### A. Title VII - Statute of Limitations and Intervention

On March 21, 2006, the United States filed suit against the Municipality of Vega Alta for sex-based discrimination against female municipal police officers García, Bidot and Molina. On March 29, 2006, the EEOC issued a "Notice of Right to Sue within 90 Days" to García, Molina and Bidot. See Exhibit to Motion to Dismiss, Docket No. 34. On July 19, 2006, one hundred and twelve (112) days after the EEOC issued and postmarked the "right-to-sue" letters, García, Bidot and Molina filed an Intervenor Complaint against the Municipality, Colón and Rey for sex-based discrimination and retaliation pursuant to Title VII. Defendants assert that Intervenor Plaintiffs García, Bidot and Molina's cause of action pursuant to Title VII is time barred by the ninety-day (90) limitation period to bring suit under Title VII. In their opposition, García, Bidot

Civ. No. 06-1302 (PG)                                                    Page 7

and Molina accept dismissal is warranted, but only as to their Title VII retaliation claim. This Court agrees.

Title VII prohibits any employer, employment agency, or labor organization from engaging in unlawful employment practices based upon a person's race, color, religion, sex or national origin. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(1), once the EEOC makes the determination to dismiss an employee's Title VII charges, or has itself failed to begin a civil action within 180 days of the original EEOC filing, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought" in District Court by the aggrieved employee. That is, "[t]he employee may commence a civil action against her employer if, and only if, the EEOC has dismissed the administrative complaint or has itself failed to begin a civil action within 180 days of the original EEOC filing." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir.2005). A civil action must then be commenced within ninety (90) days after the movant party receives the "right-to-sue" letter issued by the EEOC. "Only upon issuance of a right-to-sue notice will a claimant be deemed to have exhausted administrative remedies in order to be able to file a civil action, and this he may do within ninety days of receipt of such notice." Pérez Cordero v. Wal-Mart PR, Inc., 235 F.Supp.2d 95, 101 (D.P.R. 2002).

Also pursuant to Section 706 of Title VII, a federal employee may intervene in an action brought by the EEOC on his or her behalf. 42 U.S.C. § 2000e-5(f)(1); see Jorge v. Rumsfeld, 404 F.3d at 564 n.6. "The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." 42 U.S.C. § 2000e-5(f)(1). Therefore, "a private party whose interests may be affected by a suit the EEOC brings has an *unqualified right* to intervene in

the suit, if he timely seeks to do so … Moreover, it has been held that a private plaintiff's sole avenue of redress is intervention if the EEOC sues." Truvillion v. King's Daughters Hospital, 614 F.2d 520, 525 (5th Cir.1980)(citing McClain v. Wagner Electric Corp., 550 F.2d 1115 (8th Cir.1977))(emphasis ours). "If the Commission sues first, individual employees are not permitted to sue independently but may intervene as of right in the Commission's suit as provided by Fed.R.Civ.P. 24(a)." McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1119 (8th Cir.1977).

> An application for leave to intervene as of right under Rule 24(a) must be "timely," and the question of whether a given application is timely must be answered in the light of all of the relevant facts and circumstances in the particular case; ultimately the question addresses itself to the judicial discretion of the judge to whom the application is made … .

Id.

Federal Rule of Civil Procedure 24(a) allows intervention upon timely application "when a statute of the United States confers an unconditional right to intervene." FED.R.CIV.P. 24(a). The timeliness requirement is of first importance, and the trial court's determination of timeliness is case-specific and is entitled to substantial deference. See Caterino v. Barry, 922 F.2d 37, 40 (1st Cir.1990); see also Cadle Co. v. Schlichtmann, Conway, Crowley & Hugo, 338 F.3d 19, 21 (1st Cir.2003). The factors to be considered in evaluating the timeliness of a motion to intervene as of right are: (i) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene; (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against

Civ. No. 06-1302 (PG)                                                    Page 9

intervention. See Caterino v. Barry, 922 F.2d 37, 40 (1st Cir.1990) (citing Culbreath v. Dukakis, 630 F.2d 15, 17, 20-24 (1st Cir.1980)).

The United States of America brought forth the present Title VII action against the Municipality for having discriminated against Molina, García and Bidot on the basis of their sex. However, in their Intervenor Complaint, Molina, García and Bidot not only claim that they were victims of sex-based discrimination, but also of retaliation in violation of Title VII. Therefore, because the United States did not bring suit against the Municipality as a result of Molina, García and Bidot's charges of retaliation before the EEOC, Molina, García and Bidot had to commence a civil action to that effect within ninety (90) days after the receipt of their "right-to-sue" letter. As Defendants correctly point out, and Intervenor Plaintiffs admit, dismissal is warranted as to their Title VII retaliation claim since Molina, García and Bidot filed their Title VII retaliation complaint well after the expiration of the 90-day limitations period (given the March 29, 2006 "right-to-sue" letter). Thus, Molina, García and Bidot's Title VII retaliation claim is time-barred, and must be dismissed.

However, by the time Molina, García and Bidot filed their Intervenor Complaint, the United States had already begun a sex-based discrimination action against the Municipality pursuant to Title VII, which gives the persons aggrieved an unconditional right to intervene in a federal law suit brought against defendant by the Commission or the Attorney General. See 42 U.S.C. § 2000e-5(f)(1). In fact, Intervenor Plaintiffs' sole avenue of redress was timely intervention in the Title VII sex-based discrimination claim filed by the United States. See Truvillion, 614 F.2d at 525. The Intervenor Complaint was filed roughly four (4) months after the United States filed its suit, just as discovery in the case commenced. Thus, Intervenor Plaintiffs Molina, García and Bidot's intervention in the Title

VII sex-based discrimination claim filed by the United States is not untimely.

### B. Supplemental State Law Claims

A federal court exercising original jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a); see also Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir.1998). "Certainly, if the federal claims are dismissed before trial, … , the state claims should be dismissed as well." Id. Here, the Court has not dismissed all of Intervenor Plaintiffs federal claims, thus, it will exercise supplemental jurisdiction over Intervenor Plaintiffs' state law claims.

### C. Individual Liability pursuant to Title VII

Intervenor Defendants Colón and Rey argue that Intervenor Plaintiffs' Title VII claim against them should be dismissed because they are not an "employer" as defined by Title VII and the statute does not provide for personal liability. See Docket No. 53.

Section 701 of Title VII, 42 U.S.C.A. § 2000e, defines the term employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person … ." 42 U.S.C.A. § 2000e. "Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII." Gomez Gonzalez v. Guidant Corp., 364 F.Supp.2d 112, 115-116 (D.P.R.

Civ. No. 06-1302 (PG)                                                Page 11

2005).[2] Following the majority of the circuit courts, this District Court has held that individual defendants are not liable under Title VII. Id.; see also Perez Cordero v. Wal-Mart PR, Inc., 235 F.Supp.2d 95 (D.P.R. 2002); Vargas-Caban v. Sally Beauty Supply Co., 476 F.Supp.2d 109, 115-116 (D.P.R. 2007).

Therefore, Intervenor Plaintiffs' Title VII claims against Colón and Rey fail and must be dismissed. There remains against the two (2) individual Intervenor Defendants the local claims pursuant to Puerto Rico Laws No. 100, 69 and 115. See Perez Cordero v. Wal-Mart PR, Inc., 235 F.Supp.2d 95 (D.P.R. 2002); Arroyo Rodríguez v. Econo Supermarket, Inc., 204 F.Supp.2d 289, 293-95 (D.P.R.2002)(supervisors can be held individually liable under the local anti-discrimination laws in Puerto Rico); Pacheco Bonilla v. Tooling & Stamping, Inc., 281 F.Supp.2d 336, 339 (D.P.R. 2003)(citing Rosario Toledo v. Distribuidora Kikuet, Inc., 2000 PRSC 193); Diaz-Rivera v. El Dia, Inc., 2005 WL 2333645, at *3 (D.P.R. Sept. 23, 2005)(given the Supreme Court of Puerto Rico's broad interpretation of other labor laws' definitions of the term "agent" in favor of the employee, the Court declined to narrow the definition of the term "agent" as defined in Puerto Rico Law No. 115).

## IV. CONCLUSION

Defendants' Motions to Dismiss (Dockets No. 34, 53) are **GRANTED IN PART AND DENIED IN PART.** This Court finds that Molina, García and Bidot's Title VII retaliation claim is time-barred, and thus, it is hereby **DISMISSED WITH PREJUDICE.** However, this Court finds that Intervenor

---

[2] See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir.1995); Dici v. Com. of Pa., 91 F.3d 542 (3rd Cir.1996); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir.1998); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir.1994) cert. denied, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); Wathen v. General Elec. Co., 115 F.3d 400, 405-06 (6th Cir.1997); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir.1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377 (8th Cir.1995); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583 (9th Cir.1993); Haynes v. Williams, 88 F.3d 898 (10th Cir.1996); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir.1995); Smith v. Lomax, 45 F.3d 402 (11th Cir.1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, 516 U.S. 1011, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995).

Civ. No. 06-1302 (PG)                                                    Page 12

Plaintiffs Molina, García and Bidot's intervention in the Title VII sex-based discrimination claim filed by the EEOC was timely. Consequently, the Court will retain supplemental jurisdiction of Intervenor Plaintiffs' state law claims. Finally, there being no individual liability under Title VII, Intervenor Plaintiffs' Title VII claims against Colón and Rey are hereby **DISMISSED WITH PREJUDICE.** Remaining against the two (2) individual Intervenor Defendants, Rey and Colón, are the discrimination and retaliation claims pursuant to Puerto Rico Laws No. 100, 69 and 115.

**SO ORDERED.**

In San Juan, Puerto Rico, May 15, 2007.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> JUAN M. PÉREZ-GIMÉNEZ
> UNITED STATES DISTRICT JUDGE